II. The next assignment of error was that Judge Sease erred in not taking testimony as to the validity of the chattel mortgages. Testimony was taken without objection. The bank introduced its mortgages in evidence.

In *Gowdy v. Gowdy,* 83 S. C., 351; 65 S. E., 386, we find:

"There is a presumption that the bond and mortgage in the hands of the creditor were unpaid at the time of the sale, and the burden was on the defendants, the heirs-at-law of the mortgagor, who asserted payment, to prove it."

The mortgagee presented its mortgages without objection, and, inasmuch as there was no showing to the contrary, there was nothing else left for the Judge to do.

III. The Receiver claims that the bank surrendered possession of the merchandise to the Receiver by giving him the keys. The bank claimed that the key was delivered only for the purpose of inspection. The bank's claim is in full accord with all the probabilities of the case.

IV. The Receiver claims that there was error in the refusal of Judge Sease to allow Receiver's expenses out of the proceeds of sale. Appellant has cited no authority that requires a litigant to pay the costs and expenses of one who, without warrant of law, takes his property from him. If there shall be a surplus, then there may be something with which to pay these expenses.

The judgment appealed from is affirmed.

---

11325

NEW v. COLLINS

(119 S. E., 835)

1. EXCHANGE OF PROPERTY—MISUNDERSTANDING AS TO MORTGAGE ON RECORD HELD NOT TO PREVENT DECREE.—Where no actual misstatements were made, defendant's contentions relating to a misunderstanding as to the maturity of a mortgage, which was on record, *held* not to prevent a decree of specific performance of a contract to exchange realty.

2. SPECIFIC PERFORMANCE—CONTRACT FAIRLY ENTERED INTO AND ABOVE-BOARD ENFORCED.—While it is true that specific performance rests in the sound discretion of the Court, the Court must be governed by the rules of law and equity and will enforce a contract which is fair, and was entered into openly and aboveboard.

Before SEASE, J., Greenville, Fall Term, 1922. Affirmed.

Action by A. G. New against D. A. Collins. Judgment for plaintiff and defendant appeals.

The decree of Circuit Judge T. S. Sease follows:

"This case comes before me upon exceptions to the report of the Master. The plaintiff by his complaint is seeking the specific performance of a contract in writing, involving the exchange of two pieces of property. The written contract signed by the plaintiff and the defendant and witnessed by two witnesses is admitted. The defendant, Collins, admits executing the contract, and seeks to avoid performing it, upon the ground that the plaintiff and his agents made certain false and fraudulent representations to him relative to the mortgage of $6,400, which the defendant by the terms of the written contract agreed to assume.

"I cannot agree with the findings of the Master. Mr. J. R. Willis and Mr. H. W. Rozier testified positively that no representations were made to the defendant that the mortgage he was assuming was due and payable in annual installments of $1,000 each, the first installment to be due on January 1, 1923. The defendant, Collins, testified positively that such representations were made to him. The Master finds that 'there were no actual and direct verbal misrepresentations made by the plaintiff, New, unto the defendant, Collins, nor were any such verbal misstatements or misrepresentations made by Willis and Rozier unto the defendant, Collins." There is no escape from this conclusion, and there is not sufficient testimony to support the further finding of the Master that Collins 'believed at the time he executed the contract that the $6,400 mortgage was

20—S. C.—126.

due and payable in five annual installments, and the plaintiff, New, and his agents, Willis and Rozier, knew that the defendant, Collins, was laboring under a misapprehension as to the maturity of the paper,' etc. In fact, I am convinced upon careful consideration of all the testimony that the defendant Collins is merely using this circumstance to avoid performance of his contract. When a man places his signature to a written contract it is a serious matter, and the law presumes that he knows what he is doing.

"In this case the contract was prepared in the presence of the defendant, Collins, and in the absence of the plaintiff, New, and, as testified by Mr. Rozier, it was for the purpose of making a definite offer to the plaintiff, New, for his acceptance or rejection. The plaintiff, New, accepted the contract, which was drawn up in the presence of Collins, and it was Collins' business to exercise, at least, some diligence in ascertaining the true facts. In the case of *McCheseney v. Smith,* 105 S. C., 171, the Court says : 'Specific performance of agreements is not a matter of absolute right, but rests in the sound discretion of the Court. The exercise of that discretion would, of course, depend upon the facts and circumstances of each case. A Court of Equity will not decree specific performance unless the contract is fair, just, and equitable, nor if it fails to express the true agreement of the parties by reason of fraud, accident or mistake.'

"While, it is true that specific performance rests in the sound discretion of the Court, the Court must be governed by the rules of law and equity, and will enforce a contract which is fair and was entered into openly and aboveboard, as was done in this case. The recent case of *Mobley v. Quattlebaum,* 101 S. C., 221; 85 S. E., 585, was a much stronger case in favor of the defendant than the one here. In that case, the Supreme Court says : 'The defendant could have, by proper care and inquiry, got the truth upon investigating as to the paving of streets and removal of shops Upon investigating what ordinances had been passed by the

City Council he could have found out about the paving of the streets.' And further: 'If he does not avail himself of the knowledge or means of knowledge open to himself or his agents, he cannot be heard to say that he was deceived by the vendor's misrepresentations.'

"This case quotes with approval the case of *Anderson v. Rainey,* 100 N. C., 338; 5 S. E., 189, where it is held: 'If, in a contract for the purchase of land, a party fails to avail himself of those sources of information readily within his reach, and chooses to rely upon representations, which, though not true, were not made with any false and fraudulent intent, the maxim of *caveat emptor* applies, as it does to personal property, and Courts will not aid the purchaser.'

"The case of *Lumber Co. v. Matheson,* 69 S. C., 78; 48 S. E., 111, lays down the following principles: 'The parties occupied no fiduciary relations to each other; they were dealing at arms' length, and were fully competent to contract. They had every opportunity of knowing the contents of the option signed by the defendant, and of understanding what it should have contained and did contain. There is no evidence of any concealment on the part of Mitchell, the agent of the plaintiff. The burden of proof to show mistake is upon the appellant, and we think that he has not shown, by the preponderance of evidence, such a state of facts as would entitle him to the equity that he seeks to invoke in this cause.'

"In *Burrel v. Murrel,* 2 Strob. Eq., 153, the Court uses the following language: 'If parties come to a settlement, and will not see their rights in their true character, or use proper diligence in 'ascertaining them, or, perceiving their rights, think proper by their silence to waive them; there is no reason why this Court, or any other, should be called upon to protect them from the consequences of their own default or folly. There are but few settlements or accountings in which, by a searching scrutiny, some errors or omissions might not be detected. And this Court will not open them when by a

proper vigilance they might have been guarded against, and unless some of the circumstances above adverted to as affording grounds for relief are alleged and proved. A party fully competent to protect himself, under no disability, advised as to all circumstances by which he  *  *  *  might by due diligence be so advised, not overreached by fraud, concealment, or misrepresentation, nor the victim ·of a mistake against which prudence might have guarded, has no right to call upon Courts of Justice to protect him against the consequences of his own˚ carelessness, and to disturb the peace of society by his clamors for that justice which he has voluntarily or negligently surrendered.'

"In the case of *Montgomery v. Scott,* 9 S. C., 35, Judge McIver quotes with approval Story's Equity as follows: 'If he does not avail himself of the knowledge or means of knowledge open to himself or his agents, he cannot be heard to say that he was deceived by the vendor's misrepresentation.  *  *  *  It is his own folly and laches not to use the means of knowledge within his reach, and he may properly impute any loss or injury in such a case to his own knowledge and indiscretion. Courts of equity do not sit for the purpose of relieving parties, under ordinary circumstances, who refuse to exercise a reasonable diligence or discretion.'

"In the case of *Davenport v. Latimer,* 53 S. C., 572; 31 S. E., 530, the Court says: 'If, however, the purchaser, at the time of the sale, knows of the defects in the title, or has means of knowing of them, and fails to avail himself of such means, he cannot afterwards refuse to comply upon the ground of such defect. The vendee, having contracted with his eyes open to the knowledge of the incumbrance, if the warranty deed of the vendor is insufficient to protect him, must suffer the consequence of his own negligence.'

"The case of *Mobley v. Quattlebaum* is cited with approval in the case of *Columbia Savings Bank v. True,* 93 S. E., 389, and also in the case of *Williams v. Bruce,* 96 S. E., 905, where in this last case it is said: 'Mr. Bruce does

not seem to have made the slightest effort to inform himself as to the value of his timber, and this is his own fault if he did not know the things he did not try to learn. This is a very much stronger case (for the respondent) than the case of *Mobley v. Quattlebaum, supra,* where it is said: "Courts of Equity do not sit for the purpose of relieving parties, under ordinary circumstances, who refuse to exercise a reasonable diligence or discretion." '

"I am convinced by the testimony in this case that there were no false and fraudulent representations, nor was there any deceit or concealment on the part of New nor on the part of the real estate agents. The mortgage, which Collins agreed to assume, was recorded in the office of the Register of Mesne Conveyance, and he could have, by the exercise of ordinary diligence, ascertained the true terms of the mortgage. When asked if he would be willing to perform the contract if the terms could be arranged for him, the defendant, Collins, stated that he would not. This only corroborates the conclusion that Collins is trying to use the fact that the mortgage was past due as an excue to evade the performance of his written undertaking. Men should not be allowed to sidestep and evade written contracts upon flimsy excuses, such as is presented in this case. I am convinced that the Master's report should not be sustained, and that the contract should be specifically performed.

"The record shows that the defendant, Collins, after executing the contract, placed a mortgage of $1,000 upon the property, which he had traded to New. This should not be allowed to complicate the contract, and should be paid off by Collins, or should be deducted from the mortgage which New agreed to give Collins.

"It is therefore ordered, that the prayer of the complaint be and the same is hereby granted, and the defendant, D. A. Collins, be and he is hereby ordered and directed to specifically perform the written contract according to its terms."

*Messrs. Haynesworth & Haynesworth,* for appellant, cite: *Equity will not enforce contract entered into under a mistake induced by the other party:* 2 Pom. Eq. Jur., 1883, Sec. 900, 905; Pom. Conts., Sec. 268; 15 L. R. A. (N. S.), 81; 105 S. C., 171; 84 S. C., 256; 20 N. Y., 287; 86 S. C., 576; 41 S. C., 349.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Mistake not material and specific performance should be decreed:* 101 S. C., 221.

November 5, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.

---

## 11328

### STATE v. BOYD

#### (119 S. E., 839)

1. HOMICIDE—EVIDENCE OF PROSECUTING WITNESS' REPUTATION FOR VIOLENCE ADMISSIBLE.—In a prosecution for assault and battery with intent to kill, defendant has the right to introduce evidence attacking the reputation of the prosecuting witness for violence; but it cannot be done by showing specific instances of violence.

2. CRIMINAL LAW—REFUSAL TO STRIKE OUT STATEMENT THAT ANOTHER WITNESS HAD MADE WITHOUT OBJECTION HELD HARMLESS.—In a prosecution for assault and battery with intent to kill, the refusal of the presiding Judge to strike out a statement of a State's witness, if error, *held* harmless in view of the fact that prosecuting witness had made the same statement without objection.

3. CRIMINAL LAW—THREATENING TO JAIL WITNESS IF HE AGAIN REPEATED HEARSAY TESTIMONY HELD WITHIN DISCRETION OF TRIAL JUDGE AND NOT PREJUDICIAL.—Statement of the Trial Judge to one of defendant's witnesses that, "You have been a police officer, and if you repeat hearsay testimony any more I will have to put you in jail," *held* within the discretion of the Trial Judge and not prejudicial to defendant.